NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **WAKEFERN FOOD CORP. INC.,** | |
| *Plaintiff*, | Civil Action No. 17-1656 |
| v. | |
| **SHOPPER MARKETING NETWORK, INC., and HEAVY CREATIVE, INC.,** | OPINION |
| *Defendants.* | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court upon application by Plaintiff Wakefern Food Corporation ("Wakefern") for an entry of default judgment for Defendant Shopper Marketing Network, Inc.'s ("SMN") failure to answer or otherwise defend pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 19. For the reasons set forth herein, the motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff Wakefern is a corporation incorporated under the laws of the State of New Jersey with its principal place of business located in Keasbey, New Jersey. Compl. ¶ 1. Defendant SMN is a Delaware corporation existing under the laws of Delaware with a principal office located in New York, New York. Id. ¶ 2. Heavy Creative, Inc. ("Heavy Creative") is a corporation existing under the laws of the State of New York with its principle place of business located in New York, New York. Id. ¶ 3.

On April 2, 2014, Wakefern and SMN entered into an Advertising Network Agreement (the "Agreement") which allowed SMN to install monitor systems in Wakefern's retail supermarkets in exchange for a monthly payment of fifty (50) dollars per monitor system, per month, payable to

Wakefern.  Id. ¶¶ 8-11.  Under the Agreement, SMN agreed to provide certain in-store media networks and programming which would be displayed on the monitors at Wakefern's various supermarket locations.  Id. ¶ 9.  Between July 2015 and March 2016, SMN failed to make the contractual payment of $50 per monitor system, per month.  Id. ¶ 12.

On March 10, 2017, Wakefern filed its Complaint against Defendants Shopper Marketing Network, Inc. and Heavy Creative Inc. in this Court.  Compl. ¶ 1, ECF no. 1.  The Complaint consists of five counts against Defendants: 1) breach of contract for nonpayment; 2) breach of contract for disclosure of confidential information; 3) declaratory judgment settling the parties' rights and declaring that Wakefern does not owe any financial or other obligations to SMN or Heavy Creative; 4) indemnification from Heavy Creative's demands and claims; and 5) false advertising pursuant to the Lanham Act.  Wakefern and Heavy Creative have reached an amicable resolution of this matter and Heavy Creative has been dismissed from this case with prejudice. ECF No. 18.  As such, Wakefern's requests relating to Heavy Creative are moot.  SMN has not filed an Answer or other response to Wakefern's Complaint.  ECF No. 19.  Default was duly noticed by the Clerk of the Court against SMN on December 1, 2017 for its failure to plead or otherwise defend this action.  ECF No. 19.

As a result, Wakefern requests that the Court issue an order directing entry of a judgement of default in favor of Wakefern and against SMN.  Compl. ¶ 48.

## II.    LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment, the court must: 1) determine it has jurisdiction both over the subject

matter and parties; 2) determine whether defendants have been properly served; 3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and 4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: 1) whether the party subject to the default has a meritorious defense; 2) the prejudice suffered by the party seeking default judgment; and 3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III.   ANALYSIS

#### A.  Jurisdiction & Service

This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 because this claim raises a federal question: whether Plaintiff is entitled to damages based on claims pursuant to the Lanham Act, 15 U.S.C. § 1125. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court also has diversity jurisdiction over this matter under 28 U.S.C § 1332 because the matter in controversy exceeds the sum or value of $75,000, and the dispute is between and among citizens of different states. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Service of the summons and complaint was made on June 8, 2017. ECF No. 5.

### B. Liability

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. <u>Comdyne I</u>, 908 F.2d at 1149. The Court is satisfied that Plaintiff had adequately pled claims against SMN for breach of the Agreement. Plaintiff's complaint consists of five counts: 1) breach of contract for nonpayment; 2) breach of contract for disclosure of confidential information; 3) request for declaratory judgment; 4) request for indemnification; and 5) request for an Order preventing SMN from falsely advertising its relationship with Wakefern under the Lanham Act.

### 1. Breach of Contract (Counts 1 and 2)

In order to establish a valid breach of contract claim as to nonpayment and disclosure of confidential information, the non-breaching party must show: 1) a contract existed; 2) the other party breached the contract; and 3) damages resulted from the breach. <u>Pollack v. Quick Quality Restaurants, Inc.</u>, 452 N.J. Super. 174 (2017).

The Agreement between the parties was fully executed on or around April 2, 2014. Compl. ¶ 8. It laid out explicit terms as to both parties' contractual obligations, specifically regarding the payment of "$50.00 per month to the retailer" as per Section 8.1 of the Agreement. In failing to pay Wakefern the agreed upon $50 per month, per monitor, SMN breached the terms of Payment in accordance with Section 8.1 of the Agreement. <u>Id.</u> ¶ 10.

Moreover, Section 11 of the Agreement specifically prohibits the dissemination or disclosure of Wakefern's Confidential Information, including financial information, store traffic count, and other related statistics. <u>Id.</u> ¶ 17. Section 11 states that the disclosure of confidential information "for any purpose other than to perform its obligations under this Agreement" and without the "express written consent of the Disclosing Party" is prohibited. SMN disclosed and displayed on

its website certain Wakefern financial information, sales information and statistics without the written consent of Wakefern.  Id. ¶ 18.  Wakefern adequately alleges that this display and disclosure breaches the Agreement.  The Court will grant the request to enjoin SMN from posting Wakefern's Confidential Information.

Accordingly, the Court finds SMN is liable on both counts of breach of contract.

## 2.  Declaratory Judgment

Wakefern seeks a declaratory judgment stating that it does not owe any financial or other obligations to SMN related to the parties' Advertising Network Agreement.  A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding, and when the "controversy" is "of a justiciable nature."  28 U.S.C. § 2201; see also Fed. R. Civ. P. 57.

Under the Advertising Network Agreement, SMN was authorized to sell advertising space to third party advertisers and content providers.  Compl. ¶ 24.  SMN also allegedly agreed to permit Wakefern to advertise its private label products, but never charged Wakefern for the advertising space it used.  Compl. ¶¶ 26–30.  To the extent such advertisements on SMN's monitors involved a third party's services, Wakefern alleges that it was undertaken at SMN's sole expense.  Compl. ¶ 28-29.  The dispute over the parties' rights is of a justiciable nature that may be terminated by declaratory judgment.  Accordingly, Plaintiff is entitled to declaratory judgment as to the rights of the parties.

## 3.  False Advertising-Lanham Act

According to the Plaintiff's Complaint, SMN has engaged in unfair and unlawful activity in an effort to promote its business by using, in commerce, words and symbols designed to confuse consumers and vendors into believing that there is an affiliation, endorsement, connection or association between Wakefern and SMN.  Compl. ¶ 47.  Plaintiff seeks an order that SMN is

enjoined from displaying or disseminated Wakefern's trade name or likeness on its website and marketing materials.

Pursuant to the Lanham Act, any person who uses in commerce any word, term, name symbol, or device or any combination thereof which is likely to deceive as to the affiliation, connection, or association of such person with another person or commercial activities by another person shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C.A S 1125(a). To prove a claim of false advertising under the Lanham Act, a plaintiff must establish the following elements: 1) that the defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will. G&W Laboratories, Inc. v. Laser Pharmaceuticals, LLC, 2018 WL 3031943 (D.N.J), at *13.

Plaintiff has established that SMN continues to use Wakefern's name on its website without Wakefern's permission, and that SMN has disseminated Wakefern's name to interstate customers and to potential customers. Compl. ¶ 45, 46. Plaintiff has also established that this has caused or is likely to continue to cause confusion as to the current associations and reputation of Wakefern, which influences the decisions of potential customers. Id. ¶¶ 46, 47. Plaintiff has sufficiently alleged that these acts have inflicted and will continue to inflict substantial damages and irreparable harm on Wakefern. Id. ¶ 48. Thus, Wakefern has adequately alleged a violation of the Lanham Act and is entitled to an order enjoining SMN from displaying Wakefern's Confidential Information on its website.

### C. Appropriateness of Default Judgment

Next, the Court must consider: 1) whether the party subject to the default has a meritorious defense; 2) the prejudice suffered by the party seeking default judgment; and 3) the culpability of the party subject to default. <u>Doug Brady</u>, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. <u>See</u> <u>U.S. Small Business Admin. V. Silver Creek Const. LLC</u>, 2014 WL 3920489 (D.N.J), at *5. Second, the Court finds that Wakefern will suffer prejudice absent entry of default judgment as Wakefern will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. <u>See</u> <u>id.</u>; <u>see also</u> <u>Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.</u>, 175 Fed. Appx. 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Wakefern has requested a default judgment in the amount of $598,400.00. Declaration of Anthony Argiropoulos ("Argiropoulos Decl.") at ¶ 4, ECF No. 24.2. This amount consists of the accrued damages based on SMN's failure to furnish the contractual payment of $50 per monitor for systems installed at several points between July 2014 and September 2015. Declaration of Ryan Maloney ("Maloney Decl.") ¶¶ 3-8, ECF No. 24-1. Based on the foregoing, judgment shall be entered against SMN in the amount of $598,400.00.

### IV. CONCLUSION

It is for the reasons enumerated above that the Wakefern's motion for default judgment is **GRANTED** as to its request for judgment in the amount of $598,400.00. Moreover, Wakefern's

request for declaratory judgment is **GRANTED**, and SMN is enjoined from displaying or disseminating Wakefern's trade name or likeness and enjoined from posting Wakefern's Confidential information.

**Date: October 25, 2018**

*/s Madeline Cox Arleo*_____
**Hon. Madeline Cox Arleo**
**United States District Judge**
